UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARY WOLFENBARGER MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-278 |
| | ) | (PHILLIPS/SHIRLEY) |
| KNOX COUNTY, TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 13] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of Defendant Knox County's Motion to Quash Subpoena, or, in the Alternative, for Protective Order [Doc. 11], filed September 13, 2006.

The Defendant Knox County moves to quash a subpoena served on it by Defendant Phipps on September 8, 2006. Defendant Knox County attacks the subpoena on the three following grounds: 1) Defendant Phipps violated the Federal Rules of Civil Procedure when he personally served the subpoena on Defendant Knox County; 2) Defendant Phipps served the subpoena in an untimely and inappropriate manner because he served it before the discovery planning meeting, and 3) Defendant Phipps secured the subpoena for use in a matter other than the instant litigation. For the reasons stated below, Defendant Knox County's Motion to Squash Subpoena [Doc. 11] is hereby **GRANTED**.

Defendant Knox County's first prong of attack challenges the manner in which Defendant Phipps served the subpoena. Federal Rule of Civil Procedure 45(b)(1) provides that "a

1

subpoena may be served by any person who is not a party and is not less than 18 years of age."
Since Defendant Phipps is a named defendant in the instant litigation he is barred from
personally serving a subpoena on another party. According to Rhonda Mullins, Defendant
Phipps brought the subpoena himself to the Knox County Sheriff's Department on September 8,
2006. *See* Affidavit of Rhonda Mullins, Exhibit 2. Accordingly, Defendant Phipps violated Rule
45(b)(1) when he personally served the subpoena on the Knox County Sheriff's Department.

Next, Defendant Knox County contends that Defendant Phipps served the subpoena prematurely and not in the appropriate manner for discovering documents during the initial stages of litigation. Rule 26(d) of the Federal Rules of Civil Procedure states that "[e]xcept in categories of proceedings exempted from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Defendant Phipps filed his Answer [Doc. 14] to Plaintiff's Complaint [Doc. 1] on September 15, 2006. Defendant Phipps personally served the subpoena on Defendant Knox County before the litigants met for their discovery planning meeting as required by Rule 26(f).

As a corollary argument, Defendant Knox County argues that Defendant Phipps did not allow for a reasonable time for compliance. The Federal Rules of Civil Procedure require a court to quash a subpoena if the subpoena fails to provide a reasonable amount of time in order for the recipient to comply with the order. Fed. R. Civ. P. 45(c)(3)(A)(I). Defendant Phipps secured and personally served the subpoena on Defendant Knox County on September 8, 2006, and demanded it deliver the subpoenaed documents to the Merit Council Hearing on September 14, 2006. *See* Subpoena, Exhibit 1. Since September 8th is a Friday, Defendant Knox County

only had three business days to comply with the subpoena. Based on the timing of the subpoena, the Court finds that Defendant Phipps served the subpoena prematurely and inappropriately in violation of Rule 26(d) and that Defendant Phipps failed to provide a reasonable amount of time for Defendant Knox County to comply with the subpoena.

Lastly, Defendant Knox County avers that Defendant Phipps secured the subpoena for use in a matter other than the instant litigation since he requested the Knox County Sheriff's Office to deliver the subpoenaed documents to the Merit Council hearing on September 14, 2006. According to Section 9.4.1(b) of the Merit Council's Policies and Procedures, the Executive Director may issue subpoenas to compel production of documents for internal review board proceedings. The Court finds that Defendant Knox County's argument that Defendant Phipps should not be able to use the subpoena for production of information in a proceeding other than the current litigation is well founded.

Since the Court finds sufficient grounds to quash the motion, it will not address Defendant Knox County's alternate argument for a protective order.

For these reasons, Defendant Knox County's Motion to Quash Subpoena is hereby **GRANTED**.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge